```
                                        FILED
                                    Oct 14  3 56 PM '03
        UNITED STATES DISTRICT COURT  U.S. DISTRICT COURT
                                         NEW HAVEN, CONN.
              DISTRICT OF CONNECTICUT
```

GAIL A. LEONZI                      :

VS.                                 :          NO. 3:01CV1111 (JGM)

CITY OF BRIDGEPORT,                 :
DENNIS BUCKLEY and                  :
WILLIAM SHAW                        :          OCTOBER 13, 2003

### PLAINTIFF'S REVISED LOCAL RULE 56 STATEMENT

**I   RESPONSES TO DEFENDANTS' CLAIMS OF FACT:**

   1. Agree.

   2. Agree.

   3. Agree.

   4. Agree.

   5. Agree with first sentence. Disagree with second sentence. (E.g., Plaintiff's Deposition, pp. 48-49, 62)

   6. Agree, but the statement is incomplete for the reasons set forth in Section II hereof.

   7. Agree.

   8. Disagree. (Plaintiff's Deposition, pp. 11-13, 22, 27, 48-49, 62)

   9. Disagree. (Ibid.)

10. Disagree. (Plaintiff's Deposition, pp. 25, 41)

11. Disagree. (Ibid.)

12. Disagree. (Id. pp. 40, 48-49, 62)

13. Disagree. (Id. p. 48)

14. Disagree. (Id. pp. 38-46)

15. Disagree. (Id. pp. 11-13, 22, 27, 30-31, 38-40, 45-46, 63-64)

16. Disagree. (Ibid.)

17. Disagree. (Ibid.)

18. Agree he gave her an early dismissal which was denied to the plaintiff. Otherwise, it is impossible to read his mind as to his motivations.

19. Agree.

20. Disagree. (Plaintiff's deposition, pp. 56-67)

21. Disagree. (Ibid.)

22. Agree.

23. Agree.

24. Disagree. (Id. pp. 11-13, 22, 27, 30-31, 38-40, 45-46, 54-57, 63-64, 67)

## II   PLAINTIFF'S CLAIMS OF MATERIAL FACT:

1. In 1993 and thereafter, vacancies occurred in the Typist III positions which were filled by persons not approved by Civil Service. The plaintiff

repeatedly applied for such a position and her applications were ignored. The people who got the jobs were younger and had less seniority than the plaintiff. (Plaintiff's deposition transcript, pp. 11-12, 27)

2. Eventually, there was a State Labor Board ruling requiring that the Typist III positions be filled properly. From that point forward, the positions were left vacant when they occurred. The plaintiff continued to apply and her applications continued to be ignored. (Id. pp. 12-13, 22)

3. Meanwhile, people younger than the plaintiff, and with less seniority, were continually being hired at wage rates significantly higher than the plaintiff's. (Id. p. 13)

4. In 1999, a Typist III retired and the plaintiff applied for her job. In response to her application, she was told that the position was being downgraded to Minicomputer Operator. (Id. p. 25)

5. The plaintiff is being singled out as the only person with her experience and qualifications who is not being given a job upgrade by the defendants. (Id. p. 30)

6. The people who are being given positions superior to the plaintiff's are less qualified than the plaintiff, find it necessary to call upon the plaintiff to learn how to do the jobs they have been given, and do not have the plaintiff's work ethic. (Id. pp. 31, 63-64)

7. In August of 1999, when Mary Puccio was made a minicomputer

operator with only five years' experience, the plaintiff asked defendant Shaw for the same consideration but was denied the opportunity. (Id. pp. 38-40, 45-46)

8. The minicomputer position is above Typist II but below Typist III. (Id. p. 41)

9. Mary Puccio is only Civil Service rated at the level of Typist I, so her qualifications are less than the plaintiff's. (Id. p. 42)

10. The plaintiff is at least as good as Mary Puccio is on the computer. (Id. p. 43)

11. Rosa Cajigas, who is Hispanic and younger than the plaintiff, was hired in 1996 as a Typist I. Within three years, without any job postings, she was upgraded to provisional Typist II, then a minicomputer operator, and finally Typist III. (Id. p. 48)

12. Yvonne Roberson, who is black and younger than the plaintiff, was hired as a Typist I in 1999. She was upgraded to a minicomputer operator after only six months and then was made a Typist III. (Id. pp. 48-49, 62)

13. Defendant Buckley, who attempts to exercise authority over the plaintiff and is in charge of the office in defendant Shaw's absence, consistently treats her more harshly than he does any other employee in the office. (Id. pp. 67-82, 91)

14. The plaintiff is treated differently from, and less well than, any other comparable employee of the City of Bridgeport. (Id. pp. 90-91, 118-19, 136)

15. The plaintiff has been a productive, innovative employee of the City of Bridgeport who has updated forms and procedures and improved the quality and efficiency of the departments where she has been assigned. (Id. pp. 109-12)

16. The defendants agree, and have stipulated, that the plaintiff was qualified for the positions of minicomputer operator and Typist III. (Defendants' Memorandum of Law dated July 21, 2003, p. 16 fn. 5 and p. 17 fn. 6)

THE PLAINTIFF

BY_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
E-Mail: jrw@johnrwilliams.com
Her Attorney

**CERTIFICATION**

A copy hereof was mailed on the date above stated to John P. Bohannon, Jr., Esq., 1261 Post Road, Fairfield, CT 06824.

_____
JOHN R. WILLIAMS