FILED

Oct 14   3 36 PM '03

U. S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GAIL A. LEONZI | : | |
| | : | |
| VS. | : | NO. 3:01CV1111 (JGM) |
| | : | |
| CITY OF BRIDGEPORT, | : | |
| DENNIS BUCKLEY and | : | |
| WILLIAM SHAW | : | OCTOBER 13, 2003 |

## REVISED BRIEF IN OPPOSITION TO MOTION
## FOR SUMMARY JUDGMENT

The defendants have renewed their motion for summary judgment, this time accompanying it with a proper Local Rule 56 Statement. The defendants already have filed with the court a complete transcript of the plaintiff's entire deposition testimony. The plaintiff now submits her Local Rule 56 Statement in opposition and relies on her sworn deposition testimony already before the court. Essentially, the defendants argue that the plaintiff has no basis for her contention that she has been deprived of equal protection of the laws. The evidence, however, defeats the motion.

"The standards governing summary judgment are well-settled. Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits..., show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law.'  Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.

"In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant....Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

When the moving party "'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing." Giannullo v. City of New York, 322 F.3d 139, 140-41 (2nd Cir. 2003), *quoting* Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970).  "[T]he moving party bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial."  Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2003).

When passing upon a motion for summary judgment, the court may not

resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991). The evidence of the party against whom summary judgment is sought must be believed. Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5 F.3d 523, 525 (Fed. Cir. 1993). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment

is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. R. B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997). "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

The plaintiff has been a long-term and highly productive employee of the City of Bridgeport. Her evidence, as summarized from her sworn deposition testimony in her Local Rule 56 Statement, establishes the following:

- In 1993 and thereafter, vacancies occurred in the Typist III positions which were filled by persons not approved by Civil Service. The plaintiff repeatedly applied for such a position and her applications were ignored. The people who got the jobs were younger and had less seniority than the plaintiff. (Plaintiff's deposition transcript, pp. 11-12, 27)

- Eventually, there was a State Labor Board ruling requiring that the Typist III positions be filled properly. From that point forward, the positions were left vacant when they occurred. The plaintiff continued to apply and her applications continued to be ignored. (Id. pp. 12-13, 22)

- Meanwhile, people younger than the plaintiff, and with less seniority, were continually being hired at wage rates significantly higher than the plaintiff's. (Id. p. 13)

- In 1999, a Typist III retired and the plaintiff applied for her job. In response to her application, she was told that the position was being downgraded to Minicomputer Operator. (Id. p. 25)

- The plaintiff is being singled out as the only person with her experience and qualifications who is not being given a job upgrade by the defendants. (Id. p. 30)

- The people who are being given positions superior to the plaintiff's are less qualified than the plaintiff, find it necessary to call upon the plaintiff to learn how to do the jobs they have been given, and do not have the plaintiff's work

ethic.  (Id. pp. 31, 63-64)

- In August of 1999, when Mary Puccio was made a minicomputer operator with only five years' experience, the plaintiff asked defendant Shaw for the same consideration but was denied the opportunity.  (Id. pp. 38-40, 45-46)

- The minicomputer position is above Typist II but below Typist III.  (Id. p. 41)

- Mary Puccio is only Civil Service rated at the level of Typist I, so her qualifications are less than the plaintiff's.  (Id. p. 42)

- The plaintiff is at least as good as Mary Puccio is on the computer.  (Id. p. 43)

- Rosa Cajigas, who is Hispanic and younger than the plaintiff, was hired in 1996 as a Typist I.  Within three years, without any job postings, she was upgraded to provisional Typist II, then a minicomputer operator, and finally Typist III.  (Id. p. 48)

- Yvonne Roberson, who is black and younger than the plaintiff, was hired as a Typist I in 1999.  She was upgraded to a minicomputer operator after only six months and then was made a Typist III.  (Id. pp. 48-49, 62)

- Defendant Buckley, who attempts to exercise authority over the plaintiff and is in charge of the office in defendant Shaw's absence, consistently treats her more harshly than he does any other employee in the office.  (Id. pp. 67-82, 91)

- The plaintiff is treated differently from, and less well than, any other comparable employee of the City of Bridgeport. (Id. pp. 90-91, 118-19, 136)

- The plaintiff has been a productive, innovative employee of the City of Bridgeport who has updated forms and procedures and improved the quality and efficiency of the departments where she has been assigned. (Id. pp. 109-12)

- The defendants agree, and have stipulated, that the plaintiff was qualified for the positions of minicomputer operator and Typist III. (Defendants' Memorandum of Law dated July 21, 2003, p. 16 fn. 5 and p. 17 fn. 6)

"The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook v. Olech, 528 U.S. 562, 120 S. Ct. 1073, 1074-75 (2000). Citing Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923); Sunday Lake Iron Co. v. Township of Wakefield, 247 U.S. 340, 352 (1918).

"Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Olech, supra, 120 S. Ct. at 1074. Citing Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923); and Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U.S. 336 (1989). All

that a plaintiff need prove is (1) disparate treatment and (2) lack of a rational basis for the disparity.  A plaintiff must show that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  528 U.S. at 564.

This court has summarized the present state of Second Circuit equal protection law as follows:  "Before Olech, the Second Circuit permitted selective enforcement claims based on a 'class of one' if the plaintiff could 'show both (1) that [he was] treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Russo v. City of Hartford, 184 F. Supp. 2d 169, 190 (D. Conn. 2002) (Hall, J.), citing Harlen Associates v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001).  "In Harlen, the Court of Appeals assumed without holding that a plaintiff who establishes differential treatment could state an equal protection claim by showing 'either that there was no rational basis for the unequal treatment received, or that the [unequal treatment] was motivated by animus." Ibid., quoting Harlen, supra, at 500. Cf., Barstow v. Shea, 196 F. Supp. 2d 141, 148 (D. Conn. 2002) (Arterton, J.); Oneto v. Town of Hamden, 169 F. Supp. 2d 72, 80-81 (D. Conn. 2001) (Arterton, J.); Giordano v. City of New York, 274 F.3d 740, 751 (2d Cir. 2001).

The plaintiff's facts, if credited by the jury, meet this test.

The motion for summary judgment must be denied.

Respectfully submitted:

JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

## CERTIFICATION

A copy hereof was mailed on the date above stated to John P. Bohannon, Jr., Esq., 1261 Post Road, Fairfield, CT 06824.

JOHN R. WILLIAMS