MANDATE

01-cv-1111

Margolis

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER 24 P 2 51

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY
TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE
ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT
STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR
PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of
Appeals for the Second Circuit, held at the United States
Courthouse, Foley Square, in the City of New York, on the
14th day of December, two thousand four.

PRESENT: HON. RICHARD J. CARDAMONE,
         HON. DENNIS JACOBS,
         HON. JOSÉ A. CABRANES,
                 Circuit Judges.



- - - - - - - - - - - - - - - - - - - -X
GAIL A. LEONZI,

        Plaintiff-Appellant,

        -v.-                                    No. 04-1439-cv

CITY OF BRIDGEPORT, DENNIS BUCKLEY,
and WILLIAM SHAW,

        Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:    NORMAN A. PATTIS, Esq., New
                            Haven, CT

APPEARING FOR APPELLEE:     JOHN R. MITOLA, Esq.,
                            Associate City Attorney,

ISSUED AS MANDATE: JAN - 5 2005

Office of the City Attorney,
Bridgeport, CT

Appeal from the United States District Court for the District of Connecticut (Margolis, **Mag. J.**).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Gail A. Leonzi appeals from a judgment entered on February 11, 2004 in the United States District Court for the District of Connecticut (Margolis, **Mag. J.**), dismissing her discrimination complaint on summary judgment. We review the district court's grant of summary judgment de novo. Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 498 (2d Cir. 2001).

Leonzi works as a typist for the City of Bridgeport. She alleges (in relevant part) that the appellees infringed her rights under the Equal Protection Clause, and thus violated 42 U.S.C. § 1983, by failing to promote her from civil service classification "Typist II" to "Typist III" or some other higher classification. Specifically, she alleges: (1) that, for some years, the City has failed to administer examinations for positions for which she has been otherwise qualified; and (2) that unlike some other similarly situated city workers, she has not been recommended for a "provisional" promotion to a higher classification.

"The Equal Protection Clause requires that the government treat all similarly situated people alike." Harlen, 273 F.3d at 499. A plaintiff who does not assert "membership in a protected class," id., has been required to show (1) that she was treated differently from other similarly situated individuals, and (2) "that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Id. at 499 (quotation omitted).

Leonzi does not argue on appeal that she was treated differently because of an "impermissible consideration," though she does point out in her brief that two

2

provisional promotions were granted to women who were both younger and members of racial minority groups. Rather, she claims that the appellees' decisions lack a rational justification.

In Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam), the Supreme Court held in this context that a complaint stated a claim for relief by alleging "irrational and wholly arbitrary" differential treatment. This Court has explicitly left undecided the question of whether, after Olech, a plaintiff must still show that the differential treatment at issue was motivated, at the very least, by animus, or whether she may simply show that it lacks a rational justification. See Harlen, 273 F.3d at 500. We need not decide this question here; regardless of the answer, Leonzi's claim fails.

As to the promotional examinations, this policy affects all Typist II typists on a non-discriminatory basis. In any event, the City's personnel director, in his affidavit, cites austerity as the reason to prioritize testing according to operational need. A decision based on fiscal concerns amounts to a rational justification.

As to the appellees' failure to provisionally promote her, Leonzi alleges that three other individuals were recommended for promotion. Two of these individuals worked in the City Clerk's office and were recommended for promotion in that office by the City Clerk; Leonzi does not claim that she has ever worked or applied for employment in that office. Mary Puccio, who did work in Leonzi's office, was recommended for promotion in part because she was a valued employee who was otherwise at risk of losing her job, as explained in the affidavit of appellee Shaw, Leonzi's supervisor. Leonzi does not dispute the proffered reason for recommending Puccio for promotion, nor does she claim that the same or similar circumstance applies in her case.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

3

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: _____
Richard Alcantara, Deputy Clerk



4